UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| In re: | ) | |
| | ) | |
| | ) | Chapter 13 |
| Mark Anthony Hudley, | ) | |
| | ) | Bky. File No. 15-06994 |
| Debtor. | ) | Adv. File No. 15-00273 |
| | ) | Honorable Judge Jack B. Schmetterer |
| | ) | |
| | ) | |
| Minnesota Department of Employment and Economic Development, | ) | |
| | ) | |
| Plaintiff, | ) | **FINDINGS OF FACT, AND** |
| | ) | **CONCLUSIONS OF LAW** |
| vs. | ) | |
| | ) | |
| Mark Anthony Hudley, | ) | |
| | ) | |
| Defendant. | ) | |

This matter is before the Court on plaintiff, Minnesota Department of Employment and Economic Development, Motion for Default Judgment. The defendant, Mark Anthony Hudley did not file an Answer to the Complaint. All allegations are as confessed against the defendant. The Court having examined the record, and the plaintiff's Motion and Supporting Affidavit; and Memorandum of Law,

**NOW THEREFORE, THE COURT MAKES THE FOLLOWING:**

**FINDINGS OF FACT**

1. The plaintiff is an agency of the State of Minnesota established pursuant to Minnesota Statutes Chapter 268 (2014) and is responsible for the application and monitoring of

Minnesota's Employment and Economic Development Law, including Minn. Stat. § 268.18 (2014).

2. The defendant, Mark Anthony Hudley, is a debtor in this Chapter 13 bankruptcy who has been overpaid unemployment compensation benefits under Minn. Stat. Ch. 268 (2014). The defendant qualified for unemployment compensation based upon his prior Minnesota employment. The defendant is currently, and at all relevant times has been, a resident of the State of Illinois.

## JURISDICTION

3. This case arises under 11 U.S.C. § 523(a)(2)(A), 11 U.S.C. § 523(a)(2)(B), and 11 U.S.C. § 523(a)(7).

4. This matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(I).

5. This court has jurisdiction over this adversary proceeding pursuant to 28 U.S.C. § 1334.

6. On or about April 29, 2012, the defendant applied for unemployment compensation benefits claiming that he was unemployed and subsequently began receiving benefits. Effective December 23, 2012, the defendant began receiving extended unemployment compensation benefits.

7. Based upon the defendant's representations that he was unemployed, the plaintiff paid, and the defendant received, weekly benefits periodically from the week beginning May 6, 2012, through the week beginning February 10, 2013.

8. As a condition of continuing receipt of unemployment compensation benefits, the plaintiff required that the defendant answer certification questions by telephone or electronic transmission for each week he received benefits. The certification questions require that the

applicant attest that he is unemployed, as defined by Minn. Stat. § 268.035, subd. 26; that he has not worked more than 32 hours in employment during that period for which benefits are claimed; that he does not have earnings during that period that exceed his weekly unemployment benefit amount; nor performed volunteer work; non-covered work; or self-employment. He must also attest that he is actively seeking work; has not turned down any offers of employment; and participates in re-employment assistance programs, if required. An applicant's responses are material and are requested before benefits are paid.

9. The defendant made weekly representations to the plaintiff that he remained eligible to receive unemployment compensation benefits. The defendant knowingly and falsely stated that he was unemployed each week he filed for continued unemployment compensation, without a good faith basis for making those claims.

10. The defendant knew that he was, in fact, periodically employed with Holiday Station Stores, Inc.; and Miller Medivan, Inc., for the week beginning May 20, 2012, through the week beginning October 28, 2012, when he applied for continued benefits and did not accurately report his earnings from his employment.

11. The plaintiff obtained wage information from Holiday Station Stores, Inc.; and Miller Medivan, Inc., regarding the defendant for the periods of time that the defendant claimed and received unemployment compensation benefits on the unemployment insurance account for which he had applied on or around April 29, 2012.

12. The plaintiff entered the Holiday Station Stores, Inc.; and Miller Medivan, Inc. wage information regarding the defendant's earnings during the periods he concurrently claimed and received unemployment compensation benefits for the week beginning May 20, 2012,

through the week beginning October 28, 2012, into its computer system as part of the determinations issued to the defendant on February 25, 2013, and March 7, 2013.

13. The plaintiff overpaid the defendant unemployment compensation benefits, totaling $7,030.00 as a result of the defendant's knowing misrepresentations, misstatements and failure to disclose material facts, concerning the defendant's employment status and income, during those claimed periods, without a good faith basis for such claims.

14. The plaintiff's website application home page has a section that notifies all applicants when they apply for benefits of the process that occurs when an applicant receives a benefit overpayment. The notice describes the penalties and interest that are assessed on the overpayment balance.

15. After submitting an application for unemployment compensation benefits, the plaintiff sends each applicant by U.S. Mail, a booklet entitled *Information Handbook: What you need to know about Unemployment Insurance*. The booklet states, in part:

> If you knowingly fail to report all hours worked and all earnings, you will be **overpaid** and must repay benefits you received. You may be charged a 40% penalty and interest on the overpaid amount.

16. On February 25, 2013, the plaintiff issued a Determination of Ineligibility that found the defendant was overpaid unemployment compensation benefits totaling $6,160.00.

17. The plaintiff must assess a penalty equal to 40 percent of the unemployment benefits overpaid due to the defendant's misrepresentations, misstatements or failure to disclose a material fact pursuant to Minn. Stat. § 268.18, subd. 2 (2014).

18. On February 25, 2013, the plaintiff issued a Determination of Ineligibility: Fraud Determination totaling $2,464.00.

19. On March 7, 2013, the plaintiff issued a Determination of Ineligibility that found the defendant was overpaid unemployment compensation benefits totaling $870.00.

20. On March 7, 2013, the plaintiff issued a Determination of Ineligibility: Fraud Determination totaling $348.00.

21. Every Determination of Ineligibility: Fraud Determination includes the following notification to applicants:

> Under Minnesota Statute section 268.18, if an applicant is paid unemployment benefits because the applicant misrepresents, misstates, or fails to disclose a material fact, the applicant has committed fraud. The law requires a penalty equal to 40 percent of the unemployment benefits paid. In addition, interest at the rate of 1.5 percent per month is assessed on the amount of overpaid unemployment benefits and penalty that remains unpaid 30 calendar days after the date of this determination. In addition, under Minnesota Statute section 268.085, subdivision 2, an applicant is not eligible for unemployment benefits for as long as the applicant has an outstanding fraud overpayment balance, including any penalties and interest. The applicant was paid unemployment benefits because the applicant misrepresented, misstated, or failed to disclose a material fact.

22. The defendant did not respond to the Determinations of Ineligibility and Determinations of Ineligibility: Fraud Determinations and, therefore, the plaintiff's determinations became final.

23. The defendant's representations constitute knowing misrepresentations of material fact, misstating facts relative to the defendant's employment status, and failing to disclose his actual employment status.

24. The defendant made such misrepresentations in order to induce the plaintiff's reliance thereon and to continue to provide the defendant with unemployment compensation benefits.

25. The plaintiff reasonably relied upon the defendant's misrepresentations, and would not have paid him benefits had he actually and truthfully answered the eligibility questions. The plaintiff, therefore, continued to provide the defendant with unemployment compensation benefits.

26. Minn. Stat. § 268.18, subd. 2b (2014) provides that the plaintiff must assess interest on any unemployment benefits fraudulently obtained, and any penalty amounts assessed under Minn. Stat. § 268.18, subd. 2(a) (2014) at the rate of 1-1/2 percent per month on any unpaid balance beginning 30 calendar days after the date of the determination of overpayment by fraud.

27. Upon receiving notification that an applicant with a fraud overpayment and penalty balance has filed bankruptcy, the plaintiff stops assessing interest on the applicant's fraud overpayment and penalty balance.

28. The plaintiff maintains information regarding overpayments and repayments towards the overpayment balances.

29. From 30 calendar days or more after the February 25, 2013, and March 7, 2013, service of the Determinations of Ineligibility and Determinations of Ineligibility: Fraud Determinations upon the defendant on the unemployment insurance account for which the defendant applied on or around April 29, 2012, to February 27, 2015, the date of the defendant's filing of Bankruptcy File No. 15-06994, interest has accrued on the fraud overpayments and penalties totaling $3,767.00.

30. The defendant's knowing misrepresentations, misstatements of material fact, and failing to disclose the fact that he was employed during the periods that he claimed and received benefits, constitute fraud under Minn. Stat. § 268.18, subd. 2 (2014), and the defendant is therefore liable to the plaintiff for repayment of $7,030.00 wrongfully received by the defendant, plus 40 percent statutory penalties totaling $2,812.00, plus $3,767.00 in assessed interest, for a total of $13,609.00.

31. Based upon the foregoing, the defendant's debt to the plaintiff is non-dischargeable pursuant to 11 U.S.C. § 523(a)(2)(A), 11 U.S.C. § 523(a)(2)(B), and 11 U.S.C. § 523(a)(7).

32. The plaintiff may add the cost of any court fees to the debt if the bankruptcy court does not discharge the debt pursuant to Minn. Stat. § 268.18, subd. 4a(b) (2014).

33. To date, the plaintiff has incurred court fees in the amount of $400.00.

34. To date, no credits, payments or offsets to the indebtedness have been received.

Based upon the foregoing, the Court makes the following:

## CONCLUSIONS OF LAW

1. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(I). This court has jurisdiction over this adversary proceeding pursuant to 28 U.S.C. §§ 1334 and 157 and Local Rule 1070-1.

2. The entire amount of the indebtedness owed by the defendant to the plaintiff represents money, property, and/or credit obtained by a false representation.

3. The defendant's knowing misrepresentations, misstatements of material fact, and failing to disclose the fact that he was employed during the periods that he claimed and received benefits, constitute fraud under Minn. Stat. § 268.18, subd. 2 (2014), and the defendant is therefore liable to the plaintiff for repayment of $7,030.00 wrongfully received by the defendant, plus 40 percent statutory penalties totaling $2,812.00, plus $3,767.00 in assessed interest, for a total of $13,609.00.

4. The plaintiff must assess a penalty equal to 40 percent of the total amount fraudulently obtained pursuant to Minn. Stat. § 268.18, subd. 2(a) (2014). The plaintiff may also

add the cost of any court fees to the debt if the bankruptcy court does not discharge the debt pursuant to Minn. Stat. § 268.18, subd. 4a (b) (2014).

5. Based upon the foregoing, the defendant's total debt to the plaintiff as set forth in the Determinations of Ineligibility and Determinations of Ineligibility: Fraud Determinations, the interest assessed to the defendant pursuant to Minn. Stat. § 268.18, subd. 2 (2014), and the $400.00 court fees incurred by the plaintiff, is non-dischargeable pursuant to 11 U.S.C. § 523(a)(2)(A), 11 U.S.C. § 523(a)(2)(B), and 11 U.S.C. § 523(a)(7).

Dated: 9/17/15

BY THE COURT:

_____
JACK B. SCHMETTERER
United States Bankruptcy Judge

SEP 17 2015